**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**OLIVIA ALVAREZ,**

    **Plaintiff,**

**v.**                                                                                 **Case No.  8:05-cv-38-T-TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
                                                  /

**O R D E R**

    The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.  For the reasons set out herein, the decision is reversed and remanded.

I.

    Plaintiff was fifty-two years of age at the time of her administrative hearing.  She stands 5', 4" tall and weighed 125 pounds.  Plaintiff attended two years of college in Panama.  She claims limited use of the English language.  Her past work was as a sewing machine operator, an office cleaner, a fast-food worker and trainer, and a clothes sorter at a laundry.  Plaintiff applied for disability benefits on June 20, 2002, alleging disability as of June 11, 2002**,** by reason of right shoulder and clavicle deformity, pain, lack of strength in her right hand, and depression**.**  The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). In essence, Plaintiff claimed that she could no longer work at any job since injuring her right shoulder while on the job in about August 2001. Plaintiff testified that she was injured when a case fell on her right shoulder and face, knocking her to the ground. As a result, Plaintiff has suffered constant, throbbing pain in her shoulder and arm. She stated that it has also resulted in limited use of her right arm and hand, including the inability to raise her right arm above shoulder height. Plaintiff said she occasionally needs assistance with dressing and she can only lift a gallon of milk one time. She also testified that even lifting very light items causes pain and for her to drop things. She indicated when she shops, she can maybe lift two or three bags with her left hand, which she also claims is of limited use. Her injury has been treated with physical therapy, medication, and cortisone injections. According to Plaintiff, the pain medication really does not help much anymore and it makes her nauseous. She has used a sling on her right arm for two years, which helps alleviate the pain. Plaintiff stated that she could not return to any of her past jobs because of problems with her right hand and limited use of her left hand as well.

Plaintiff also claims to suffer from depression. She indicated that she has been feeling badly for two years. Plaintiff stated that treating doctor referred her to a psychologist, and she was prescribed medication for depression. She said that the medication helps some, but makes her feel like a zombie. Plaintiff became tearful during the proceeding and declined to continue with testimony. Counsel proffered that Plaintiff's work as a trainer had been in a Spanish area and did not require much English. See Plaintiff's testimony (R. 453-471).

The ALJ also took testimony from John Edwards, a vocational expert (hereinafter "VE"). By the VE's testimony, Plaintiff's past work as a fast food worker/trainer, cashier,

2

garment sorter, sewing machine operator, and cleaner ranged from light to medium exertional work, and from unskilled to skilled work. Assuming an individual of Plaintiff's age and educational background, with a limited ability to speak and write in English, a maximum residual functional capacity for a restricted range of light work, restricted by the very limited use of her right dominant arm, with lifting in the right dominant arm of less than five pounds, and no reaching above shoulder level, with the necessity to sit and stand, and limited to simple routine, repetitive tasks embraced by the lowest in unskilled and semi-skilled occupational basis, the VE opined the Plaintiff would not be able to perform all of the job activities in her past relevant work as cashier and trainer. On the same assumption, without regard to the transferability of any acquired skills, the VE opined that such person could perform the work of a folding machine operator in a printing industry, a garment sorter, and ticket taker, all of which are light, unskilled jobs. In response to a follow-up question by the ALJ referencing Plaintiff's former work sorting clothes at a laundry, the VE testified that if Plaintiff accurately described her former work, she would be able to perform the job under the ALJ's hypothetical.[1]

On questioning from Plaintiff's counsel, the VE acknowledged that the classifications under the DOT for these jobs had not been updated in many years. However, he indicated that the figures he relied upon were published by the DOT in 2003. By counsel's questioning, if an additional limitation against exposure to dust, fumes, gases, or extremes of temperatures was imposed, the occupational base for these jobs would not be affected.

---

[1] In describing her past jobs, Plaintiff identified work at a laundry whereby she sorted clothes by color and material. She denied being a presser at such job and said the job required little lifting and that she only worked for one month. See (R. 462-63). In her administrative submissions, the job described was significantly different. See (R. 78).

However, if such person suffered a severe deficit in concentration, none of the jobs would be available.  <u>See</u> VE's testimony (R. 466-67, 471-77).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed herein as necessary.

By his decision of September 22, 2004, the ALJ determined that while Plaintiff has severe impairments related to right shoulder sprain and a depressive disorder and limited ability to communicate in English, she nonetheless had the residual functional capacity to perform a restricted range of light work, lifting no more than five pounds with her right arm, avoiding overhead and above the shoulder reaching with the right arm, with a need for a sit/stand option, and a requirement for simple repetitive jobs.  Upon this finding and the testimony of the VE that Plaintiff could return to her past work as a garment sorter as she performed it, Plaintiff was determined to be not disabled.  The ALJ made an alternative finding based upon the testimony of the VE that Plaintiff could perform other work existing in significant numbers as well, including the job of folding machine operator and ticket taker. (R. 11-20).  The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The Commissioner erred by finding that the Plaintiff (sic) past work in the laundry constituted past relevant work as a garment sorter; and

(2) The Administrative Law Judge erred by failing to find the Claimant disabled pursuant to Rule 202.09 of the Medical-Vocational Guidelines contained in the regulations.

By her first claim, Plaintiff maintains that the ALJ erred by finding that her work as a garment sorter was past relevant work. This claim is predicated on Plaintiff's testimony that she was only able to perform this job for one month and the ALJ's statement at the hearing that he was only interested in the jobs she had performed for three months or more. See (R. 462-63). By her argument, this limitation by the ALJ is consistent with the regulations, which indicate that work of less than three months' duration will be considered an unsuccessful work attempt if such work is stopped because of an impairment. See 20 C.F.R. § 404.1574 (c). By this same provision, work performed by a claimant will not show her capable of substantial gainful activity if after working for a period of six months or less, the claimant is forced to stop working because of her impairment. Id. Plaintiff urges that her past

6

work at the laundry was not substantial gainful activity, and thus the ALJ erred in reaching his decision at step 4 of the evaluation process.

By her second claim, Plaintiff maintains that since there is no evidence that she can perform her past relevant work, at step 5 of the evaluation process, Rule 202.09 of the Medical-Vocational Guidelines ("the grids") dictates a finding that she is disabled.[2]  Citing Distacio v. Shalala, 47 F.3d 348 (9th Cir. 1995), Plaintiff argues that despite the testimony of the VE that jobs were available to the claimant, here, the grids dictated a finding of disability and she should have been found disabled.

After careful review, I conclude the case should be remanded for further consideration of the vocational issues.  Under the regulations, past relevant work is work a claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn it.  20 C.F.R. § 404.1565(a).  Courts considering this issue all hold that past relevant work must have been substantial gainful activity or it cannot be considered.  Vaughn v. Heckler, 727 F.2d 1040, 1042 (11th Cir. 1984); see also Connolly v. Bowen, 879 F.2d 862 (4th Cir. 1989) (unpublished); Boyes v. Secretary of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994); Lauer v. Bowen, 818 F.2d 636, 639 (7th Cir. 1987).  Here, if Plaintiff's work at the laundry was not substantial gainful activity, it could not be past relevant work and the ALJ erred at making the decision at step 4 of the evaluation process.  Because the matter was not fully developed, it is not at all clear that the Plaintiff's work at the laundry qualified as substantial gainful activity.  See 20 C.F.R. §§ 404.1571-404.1574; SSR 82-62, 1982 WL 31386, * 2 (S.S.A.).  I read the record as

---

[2]Under this rule, a person closely approaching advanced age, unable to communicate in English, with unskilled past work experience is determined to be disabled.

7

Plaintiff does to suggest that the ALJ himself had doubts as to the appropriateness of considering this work as substantial gainful activity and past relevant work given the short duration of the job. Beginning with the conflicting descriptions of this work given by the Plaintiff, to the reasons why she left this work, there are additional questions that need be asked. Further, I find that the decision cannot be salvaged on the basis of the ALJ's alternative findings at step 5 of the evaluation process.

The evidence here established that Plaintiff, at 52 years of age, was closely approaching advanced age, with a high school education but limited use of the English language. Although her past work ranged from unskilled to skilled work, the record here is devoid of testimony about acquired skills or the transferability of such skills.[3] By reference to 20 C.F.R. § 404.1565, the Plaintiff argues her background was unskilled, and under Rule 202.09 of the grids, a decision that she was disabled was directed. While I do not conclude that the record permits me to reach this conclusion, I do believe that the ALJ was required to consider the grids in reaching his conclusion[4] and he did not do so here. Further, the matter of transferability of skills was pertinent to the inquiry in light of the grid rules. Since this

---

[3]The ALJ's inquiry of the VE was made without regard to the transferability of acquired skills. See (R. 472). I understand this to indicate not that Plaintiff had no acquired skills, but that whatever they were, they were irrelevant to his inquiry. See also (R. 153).

[4]If the ALJ erred in concluding that the claimant could do her past relevant work and she could not, then the grids come into play. See Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). As there noted, "t]he regulations state that: where an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contra-indicated by the nonexertional limitations." Id. at n. 4.

8

information cannot be gleaned from any other source, I find a remand for further development of these issues is required.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards. The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 20th day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record